Curia, per

Earle, J.
In the argument, a wish was expressed that the Court would lay down some rule on this subject. It is only necessary for the Court to say, that it will adhere to the rule already adopted ; for the plaintiff can take nothing by his motion, unless the Court departs from its own rule, and makes his case an exception. It is but reasonable that a plaintiff, who brings a defendant into Court, to answer to an action, should proceed to the trial of it, with all convenient dispatch; and this is required by positive law. To insure this end, the Court, in the exercise of the powers vested in it, has adopted the following rule : “If any issue, writ of inquiry, or summary process docketed, shall be called four Courts, and not tried, the plaintiff shall be called, and if he does not immediately go to trial, he shall be nonsuited, unless it shall appear that it had been continued at the defendant’s motion, or other satisfactory cause shall be shown to the Court, on *oath, to prove it was not postponed from the plaintiff’s neglect, or unless the plaintiff, at such fourth call, obtain a further continuance.” The plaintiff’s cause had remained on the docket, and had been called five successive terms, and at the fifth call was struck off. The defendant having entered no appearance, could make no formal motion for a nonsuit; but he was, nevertheless, entitled to the benefit of a rule, made, in part, for his protection from vexatious delay; although he had not thought fit to plead, yet he had a right to be heard on a writ of inquiry, so far, at least, as to see that the plaintiff proved his demand, and did not recover too much. It was fair to presume that he was there in Court for that purpose; not that he was a defaulting debtor, benefited by the delay, when the plaintiff, after five terms, failed to bring forward his proof. The rule is peremptory, and it is perhaps to be regretted that it is not more rigidly enforced.
The Court perceives nothing in the affidavit, to induce it to restore the cause. It may be questioned whether the Court has the power. The order was not appealed from. The defendant was entitled to an order for nonsuit, or of non pros, as no cause was shown for further continuance ; and under that state of the case, I should doubt the power of the Court to restore it. If it had, the cause shown is insufficient. It *293 amounts only to this, that the plaintiff’s business was neglected, perhaps by his attorney while alive, certainly by himself since.
See 1 Bay, 31. An.
Phillips, for the motion. Bailey, contra.
The decision below is affirmed.
Gantt, Richardson, O’Neall and Butler, JJ., concurred; Evans, J., absent.